# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 06-1435

_____

David F. Freeman,      *
             *
    Appellant,     *
             * Appeal from the United States
 v.          * District Court for the
             * District of Minnesota.
Ace Telephone Association,   *
doing business as Ace     *
Communications Group,    *
             *
    Appellee.     *

_____

Submitted: September 28, 2006
Filed: November 1, 2006

_____

Before ARNOLD, BYE, and MELLOY, Circuit Judges.

_____

ARNOLD, Circuit Judge.

David Freeman appeals the entry of summary judgment against him by the district court[1] on the retaliation claim that he brought against his former employer, Ace Telephone Association, under the Minnesota Whistleblower Statute, *see* Minn. Stat. § 181.932. We affirm.

_____

[1]The Honorable Michael J. Davis, United States District Judge for the District of Minnesota.

I.

After Mr. Freeman was fired from his position as co-CEO of Ace, he sued his former employer for gender and marital-status discrimination in violation of the Minnesota Human Rights Act (MHRA), *see* Minn. Stat. § 363A.08.2, as well as retaliatory discharge in violation of the Minnesota Whistleblower Statute, *see* Minn. Stat. § 181.932.1. The district court granted Ace's motion for summary judgment on all claims. Mr. Freeman appealed from the grant of summary judgment only as to his whistleblower claim.

Mr. Freeman claims that Ace fired him in retaliation for his report to its board of directors that the company's mileage reimbursement policy might result in violations of federal income tax laws. The company was "reimbursing" board members who carpooled to board meetings as if they had each driven separately, and it reported the payments as nontaxable reimbursements. Unless those board members who had not actually driven reported the payments as taxable income, they had violated federal tax laws.

According to Ace, Mr. Freeman was fired because he had a sexual relationship with a female subordinate employee and lied about it. The board began investigating Mr. Freeman's relationship with the female employee in August, 2003. At the end of that month, Mr. Freeman submitted a letter to the board in which he admitted to having a friendly, "not sexual" relationship with the employee and promised to sever that relationship. Based on some reason to believe that the relationship continued, however, the board began a formal investigation and informed Mr. Freeman of the investigation at its meeting on 30 September 2003. Mr. Freeman first raised the mileage reimbursement issue with the board that same day. Two weeks later, on 14 October, Mr. Freeman submitted a sworn statement to the board in which he admitted to having a sexual relationship with the employee and lying about it to the board. A week after that, the board decided to terminate Mr. Freeman and notified him of its decision shortly thereafter.

The district court held that Mr. Freeman had not established a *prima facie* case of retaliation because he was not engaged in "protected activities" under the Whistleblower Statute and he had not shown a causal link between the claimed whistleblowing and his termination. The court further held that Ace had legitimate, nondiscriminatory reasons for terminating Mr. Freeman because of his relationship with the female employee and that there was no evidence that those reasons were pretextual.

II.

We review *de novo* the district court's order granting summary judgment to Ace. *Aviation Charter, Inc. v. Aviation Research Group/US*, 416 F.3d 864, 868 (8th Cir. 2005). Summary judgment is proper if "there is no genuine issue as to any material fact and ... the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The court views the evidence in the light most favorable to the non-moving party, in this case Mr. Freeman. *Aviation Charter, Inc.*, 416 F.3d at 868.

The Minnesota Whistleblower Statute prohibits an employer from discriminating against an employee because the employee, in good faith, reported a violation or suspected violation of state or federal law to an employer, a governmental agency, or a law enforcement official. Minn. Stat. § 181.932.1(a). To establish a *prima facie* case of retaliation under the statute, Mr. Freeman had to show that he engaged in statutorily-protected conduct, that he was subjected to an adverse employment action, and that a causal connection existed between the two. *See Cokley v. City of Otsego*, 623 N.W.2d 625, 630 (Minn. Ct. App. 2001) (citing *Hubbard v. United Press Intern., Inc.*, 330 N.W.2d 428, 444 (Minn. 1983)); *Pope v. ESA Servs., Inc.*, 406 F.3d 1001, 1010 (8th Cir. 2005). We agree with the district court that Mr. Freeman did not make out a *prima facie* case.

Mr. Freeman's case fails because he did not present sufficient evidence to support an inference that his report to the board about the possible illegality of its

mileage payment policy caused his termination. He relies solely on evidence of temporal proximity, maintaining that because he made the report less than a month before he was discharged, a reasonable jury could infer that making the report contributed to his dismissal.

The timing of Mr. Freeman's dismissal is insufficient to establish a *prima facie* retaliation claim. Although a short interval between a plaintiff's protected activity and an adverse employment action may occasionally raise an inference of causation, *see, e.g., Peterson v. Scott County*, 406 F.3d 515, 524 (8th Cir. 2005), in general, more than a temporal connection is required, *Kiel v. Select Artificials, Inc.*, 169 F.3d 1131, 1136 (8th Cir. 1999) (en banc), *cert. denied*, 528 U.S. 818 (1999). And here, as in *Kiel*, 160 F.3d at 1136, the presence of intervening events undermines any causal inference that a reasonable person might otherwise have drawn from temporal proximity: As we have said, two weeks after Mr. Freeman made his report to the board about the mileage issue, he admitted, in a sworn statement, to having a sexual relationship with the female employee and continuing that relationship after he promised the board that he would end it. He also admitted, moreover, that he lied to the board president, his co-CEO, and the company's human resources director about the relationship, that he used a company credit card to buy Viagra to continue the sexual relationship, and that he purchased private cell phones for himself and the female employee so that they could communicate secretly. We believe that no reasonable person could conclude on this record that Mr. Freeman's report to the board about its mileage policy was causally related to the decision to fire him.

Because we find that Mr. Freeman did not produce evidence of a causal connection between his report to the board and his termination, we have no occasion to address the question of whether he engaged in protected activity under the statute, or whether Ace's reasons for firing him were pretextual.

## III.

For the reasons stated, we affirm the district court's order granting summary judgment.

_____